### UNITED STATES v. COMSTOCK.

(Circuit Court, D. Rhode Island. May 11, 1908.)

#### No. 2,622.

1. INDICTMENT AND INFORMATION — OFFENSE UNDER BANKRUPTCY ACT — CONCEALMENT OF PROPERTY.

The provision of Bankr. Act 1898, c. 541, § 29a, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433), subjecting any person to criminal prosecution for "having knowingly and fraudulently concealed while a bankrupt, or after his discharge, from his trustee any of the property belonging to his estate in bankruptcy," sets forth all the elements of the offense, and an indictment in the terms of the statute is sufficient.

2. BANKRUPTCY—OFFENSES—CONCEALING ASSETS—INDICTMENT—SUFFICIENCY— "CONCEAL."

The word "conceal," as used in said section, is of plain import, and, when coupled in an indictment with the words "unlawfully, knowingly, and fraudulently," clearly excludes unintentional acts.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 2, pp. 1377, 1382.]

3. SAME.

It is not an essential element of the offense under such provision, which. must be averred in the indictment, that the bankrupt at the time of concealing his property knew either the fact that a trustee had been appointed for his estate or the name of the trustee.

4. SAME—MODE OF CONCEALMENT.

In an indictment under such provision the manner of concealment need not be set out.

**5. INDICTMENT AND INFORMATION — OWNERSHIP OF PROPERTY — SUFFICIENCY OF AVERMENT.**

An averment in such an indictment that defendant concealed property "which then and there belonged to the estate in bankruptcy" sufficiently alleges the ownership of the property, and is not rendered insufficient or uncertain by further averment that the property was "then and there the personal property of" the bankrupt, which must be construed in conjunction with the prior averment. But, even if the two be regarded as repugnant, the latter will be rejected as surplusage, and will not vitiate the indictment.

On Demurrer to Indictment.

C. A. Wilson, U. S. Atty., and Geo. H. Huddy, Asst. U. S. Atty. W. H. Barney and J. J. Hahn, for defendant.

BROWN, District Judge. The bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433]) in section 29a refers to the offense of having "knowingly and fraudulently (1) concealed while a bankrupt, or after his discharge, from his trustee, any of the property belonging to his estate in bankruptcy."

The indictment uses the words "unlawfully, knowingly and fraudulently" to characterize the word "conceal." Upon demurrer, it is contended that no wrongful intent is sufficiently charged by these words. The terms of the statute, however, are themselves inconsistent with an honest or lawful purpose, and set forth all the elements of the offense. In such case it is sufficient to charge the offense in the terms of the statute.

The defendant assigns as cause of demurrer the omission of the word "willfully." The language of the statute used in the indictment is the substantial equivalent of a charge that the defendant did willfully conceal. Bullis v. O'Beirne, 195 U. S. 606–617, 25 Sup. Ct. 118, 49 L. Ed. 340.

The term "conceal," itself a word of plain interpretation (U. S. v. 350 Chests of Tea, 12 Wheat. 493, 6 L. Ed. 702), when coupled with the words "unlawfully, knowingly, and fraudulently," plainly excludes unintentional acts. In the case above cited the question arose of the meaning of the word "concealed" in the act of March 2, 1799 (chapter 22, § 68, 1 Stat. 678), and the court said:

"The term 'concealed' used in this section is one of plain interpretation and obviously applies to articles intended to be secreted and withdrawn from public view on account of their being so subject to duties, or from some fraudulent motive."

The word "conceal," according to chapter 1, § 1, subd. 22, Bankr. Act, shall include "secrete, falsify, and mutilate." See, also, 8 Cyc. 543.

It is further assigned as cause of demurrer that it does not appear that at the time of the supposed concealment the defendant knew that Arthur P. Johnson had been duly appointed trustee of his estate in bankruptcy. I am of the opinion that it is not an essential element of the offense that the bankrupt at the time of concealing his property should know either the fact that a trustee had been appointed or the name of the trustee. Otherwise the statute would be deprived of much of its force.

· For example, after the filing of the petition and before the appointment of the trustee, the bankrupt might dispose of his property and absent himself from the jurisdiction, or willfully avoid all knowledge of the appointment of a trustee, and thereby relieve himself from punishment under the act, although having effectively concealed his property from his trustee and from his creditors.

The case of Pettibone v. United States, 148 U. S. 197, 13 Sup. Ct. 542, 37 L. Ed. 419, is not in point. There knowledge or notice was an essential part of the offense. The offense of concealment of goods may be completed by a physical act intended or calculated to prevent a trustee when appointed from securing the goods, and the character of the offense is in no way dependent upon knowledge that a particular person is clothed with legal authority.

It is further urged that the count is defective, in that there is no explanation of the word "conceal," and no specifications whatever in relation to it. The defendant relies upon United States v. Carll, 105 U. S. 611, 26 L. Ed. 1135; Evans v. United States, 153 U. S. 584–587, 14 Sup. Ct. 934, 38 L. Ed. 830; Batchelor v. United States, 156 U. S. 426–429, 15 Sup. Ct. 446, 39 L. Ed. 478; United States v. Cruickshank, 92 U. S. 542, 23 L. Ed. 588; United States v. Hess, 124 U. S. 483, 8 Sup. Ct. 571, 31 L. Ed. 516.

The argument is that as the statute says that the word "conceal" shall include "secrete, falsify, and mutilate," three acts widely different in their nature, the indictment should define which one of these acts is intended. The decisions of the Supreme Court as to the words "willfully misapply" in the laws relating to national banks do not seem to be applicable. As the words "willfully misapply" in the statute did not set forth all the necessary elements of the offense, it was considered not sufficient to charge the offense in the words of the statute.

Under the statute now in question, the mode of concealment is entirely immaterial. The word "fraudulently" limits the word "conceal," and supplies the element of criminality which was not contained in the words "willfully misapply," which were not limited by express terms, but by construction of the statute in view of the subject-matter. It was necessary, therefore, that this limitation arrived at by construction should be set forth in the indictment in specific terms; for otherwise the terms of the indictment addressed to a defendant, informing him of the nature of the act with which he is charged, would be broader than the true import of the statute. By this indictment the defendant is charged with fraudulent concealment of goods, and is given due notice that evidence may be offered against him of various modes of concealment.

To require the government to specify a particular mode of concealment would unnecessarily limit it to a particular mode, and deprive it of the right to introduce evidence that all the modes of concealment— the actual hiding of goods, hiding of books, accounts or documentary evidence by secreting or mutilating the same, etc.—were used.

It is unnecessary to set forth the evidence upon which the government relies, and the defendant, as in ordinary cases, must take notice that any testimony relevant to the question of fraudulent concealment may be introduced against him.

It is further urged that the allegations of the ownership of the property supposed to have been concealed are also uncertain and repugnant. The indictment first charges that the defendant "did conceal a large amount of personal property which then and there belonged to the estate in bankruptcy, to wit, a large number of cases containing shoes and footwear of leather and rubber, of great value; to wit, of the value of ten thousand dollars, a more particular description of which is to the grand jurors aforesaid unknown."

No allegation of ownership is made essential by the statute, save that the property was "belonging to his estate in bankruptcy." These words have a definite signification throughout the bankruptcy act, and no doubt can arise as to their meaning. A question of some importance, however, arises from the fact that in the concluding portion of the indictment the following language occurs:

"And the personal property aforesaid was then and there the personal property of the said Benjamin W. Comstock, and then and there belonged to his estate in bankruptcy, as the said Benjamin W. Comstock then and there well knew."

It is argued that, as it is alleged that the property was then and there the personal property of the said Benjamin W. Comstock, it did not belong to his estate or to his trustee in bankruptcy, and that he therefore had the right to conceal it. This argument seems to me to be founded upon a misreading of the language of the indictment. The statements that the personal property was the personal property of Benjamin W. Comstock, and then and there belonged to his estate in bankruptcy, are conjunctive in the indictment, and it can hardly be inferred, according to the natural import of this language, that the pleader has charged that it did not belong to his estate in bankruptcy.

It is usual to speak of the property of the bankrupt, or of the bankrupt's estate, even after the title of the bankrupt is vested in the trustee under section 70.

If, however, we admit that upon a strict construction there is a repugnancy beween the allegation that the property was the personal property of Benjamin W. Comstock and the allegation that it then and there belonged to his estate in bankruptcy, this does not vitiate the indictment. It is said that, where a repugnant matter is inconsistent with some preceding averment, it may be rejected as surplusage, and there is quoted the language in Wyatt v. Alard, Salk. 325, that:

"Where matter is nonsense by being contradictory and repugnant to somewhat precedent, that the precedent matter which is sense shall not be defeated by the repugnancy which follows, but that which is contradictory shall be rejected."

See Clark's Criminal Procedure, 179, 180; Bishop's New Criminal Procedure. §§ 489–491.

In the body of the indictment there is a preceding allegation that the personal property then and there belonged to the estate in bankruptcy. Under the foregoing rule, this allegation may stand, and is

not destroyed by the subsequent allegation even if that be so narrowly construed as to involve repugnancy, though when fairly construed conjunctively the meaning is clear, though perhaps informally expressed. Whether a defect of this character is cured by section 1025 is doubtful.

Many other points have been raised upon demurrer, but it does not seem necessary to deal with them specifically. While the indictment is open to technical criticism, I have no doubt that it fully and completely apprises the defendant of the offense wherewith he is charged, that it enables him to prepare to meet a specific charge, and that a conviction upon this indictment would be a bar to a subsequent indictment.

The demurrer is overruled, and the defendant will plead to the indictment.