## PASZKIEWICZ et al. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. October 25, 1924.)

No. 3432.

1. **Bankruptcy** ⊙═494—**Indictment charging fraudulent concealment of property held not defective in failing to charge property belonged to trustee.**

Indictment charging conspiracy to conceal property from trustee in bankruptcy *held* not defective because it alleged that property belonged to bankrupts instead of trustee.

2. **Bankruptcy** ⊙═496—**Failure to show what became of bankrupts' property held to present jury question whether bankrupts conspired to conceal property.**

In prosecution for conspiracy to conceal bankrupts' assets from trustee, accused's failure to show on their books what became of large amount of merchandise *held* to present question for jury whether they conspired to conceal such merchandise from trustee.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Frank Paszkiewicz and others were convicted of conspiring to unlawfully conceal, while bankrupts, assets from their trustee in bankruptcy, and they bring error. Affirmed.

Seymour N. Cohen, of Chicago, Ill., for plaintiffs in error.

James A. O'Callaghan, of Chicago, Ill., for defendant in error.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Defendants, convicted upon a charge of conspiring to unlawfully conceal, while bankrupts, assets from the trustee in bankruptcy, assign error in the rulings of the trial court upon (a) the indictment; (b) the motion to dismiss; and (c) instructions to the jury.

[1] It is charged that they "unlawfully, knowingly, and fraudulently should conceal from the said trustee in bankruptcy of and for the bankrupt estate aforesaid, said property *belonging to the said copartnership, to*

wit," etc. Defendants say the indictment should have charged that the property concealed belonged to the "trustee in bankruptcy"; otherwise, no offense is stated.

We think this objection hypercritical. Doubtless the title to the property would pass to the trustee in bankruptcy upon an adjudication in bankruptcy, but it is clear that the pleader, by the words "belonging to the said copartnership," charged that the property belonged to the partnership up to the time it passed to the trustee by operation of law. Steigman v. United States, 220 F. 66, 135 C. C. A. 631; United States v. Cohn (C. C.) 142 F. 983; United States v. Comstock (C. C.) 161 F. 644. The conspiracy, of course, preceded the bankruptcy. It is so alleged in another part of the indictment. At the time the unlawful conspiracy was formed, legal title to the property was in the bankrupts.

It is also alleged that at such date defendants "anticipated and expected that an involuntary petition in bankruptcy would be filed * * * by certain creditors, and that thereafter the said defendants would be adjudged bankrupts * * * upon said proceedings," and that a "trustee in bankruptcy would be duly appointed," etc. It was unnecessary to allege what is a mere conclusion of law, that the property of the bankrupts became the property of the trustee in bankruptcy when such trustee was appointed.

[2] Defendants' next contention is that a fatal variance between pleading and proof exists. It is conceded that the evidence may have been sufficient to show concealment of a large sum of money (the proceeds of the sale of the hardware stock), but it fails to show, so it is urged, a concealment of the property specifically described in the indictment.

We think the testimony presents a jury question as to the concealment of the stock of merchandise. The failure of defendants to show on their books what became of this large amount ($17,000) of merchandise, coupled with the other evidence, created an issue which the jury was called upon to determine, viz. whether or not defendants conspired to conceal such merchandise from the trustee. The government's case might have been stronger had the indictment charged defendants with concealing the $17,000 stock of merchandise *and concealing* the cash realized by bankrupts from its sale. But the proof was sufficient to support a verdict of guilty on either charge.

Defendants also contend that the court's

3 F.(2d)—18

charge respecting the option sale was erroneous and prejudicial, because it invited the attention of the jury to other misdeeds of defendants not in any way connected with the offense charged in the indictment. This assignment must be rejected, not only for want of proper exceptions, but because the facts and circumstances disclosed by the testimony in this case made such references to the Illinois bulk sales statutes pertinent and proper.

The judgment is affirmed.