**UNITED STATES of America,**
**Appellee,**

**v.**

**Irwin GORDON and Joseph Scata,**
**Appellants.**

**No. 481, Docket 31128.**

United States Court of Appeals
Second Circuit.

Argued June 7, 1967.

Decided July 5, 1967.

Irwin Gordon, pro se.

W. Paul Flynn, New Haven, Conn. (Joel N. Lee, Miami Beach, Fla., Kopkind & Flynn, New Haven, Conn., on the brief), for appellant Scata.

Jon O. Newman, U. S. Atty. for Dist. of Connecticut, Hartford, Conn., for appellee.

Before MOORE, FRIENDLY and ANDERSON, Circuit Judges.

MOORE, Circuit Judge:

Irwin Gordon and Joseph J. Scata appeal from judgments of conviction for bankruptcy fraud in violation of 18 U.S. C. § 152 after a trial before a jury. Both appellants attack the form of the indictment and Scata additionally attacks the venue and the sufficiency of the evidence of guilt. We affirm.

The evidence tended to show that Gordon and Scata were respectively, the president and secretary of a Connecticut corporation which operated retail discount stores in that state including one at Rocky Hill. The Rocky Hill store was opened in September of 1962 and closed in May of the following year. The Connecticut corporation was adjudicated a bankrupt in June and it is in connection with this bankruptcy that fraud is alleged. In January of 1963, the appellants opened another store of a similar nature in Newburgh, New York, which was owned by a separate New York corporation. Beginning at once and continuing with increasing frequency until the closing of the Rocky Hill store, substantial amounts of merchandise were transferred from Connecticut to New York. In addition, cash arising from the operation of the Connecticut store was transferred to a bank account opened in Newburgh for the use of the Newburgh store. The Trustee in bankruptcy was never told of the bank account.

At the trial, the prosecution offered the expert testimony of two accountants to show the extent of the misappropriation of merchandise. Both testified that the value of merchandise purchased as represented by vouchers less the value of the goods sold as represented by the proceeds appearing in bank statements less the value of goods on hand at the time of bankruptcy left an unexplained absence of over $50,000 worth of merchandise. In this analysis, appellants were given credit for some $24,000 worth of goods which had been shipped to New York but had been paid for by that store.

The evidence also showed that fictitious invoices were prepared to cover a part of the missing inventory but that there were no bank deposits to indicate that payment had been made for the goods covered by these invoices. And under the direction of the appellants, inflated insurance claims were prepared following a minor robbery. In addition, there was a substantial amount of evidence of fraudulent intent which need not be detailed here.

Appellants each raise a number of errors alleged to have been committed below. We have examined each and find that no error or accumulation of errors was committed that would warrant a reversal. Indeed, most of the claims are so lacking in merit that discussion would serve no useful purpose. In any event, since the sentences on each count run

concurrently, the only errors which we need consider are those relating to the entire trial and to Count VII, the principal accusation. Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L. Ed. 1774 (1943).

A. *The Indictment.*

Both appellants were charged in a single, eight-count indictment. No question is raised concerning Counts II and V and they will not be considered further. Counts I and IV charged violations of Section 152, paragraph 1, which relates to concealing assets of the bankrupt's estate from the Trustee. Count IV covered the bank account and Count I covered a truck which belonged to the Rocky Hill store but was removed to New York.

Counts III and VI charged violations of Section 152, paragraph 6, which prohibits transferring assets in contemplation of bankruptcy or with an intent to defeat the bankruptcy laws, again by concealing the truck and the bank account.

Count VII charged a violation of paragraph 6 through the transfer of the merchandise and this was the heart of the indictment.

Count VIII charged a conspiracy to violate Section 152, paragraphs 1, 2 and 6, by committing the substantive crimes previously charged and enumerated a variety of overt acts.

■ Both appellants claim that the failure to consolidate some or all of these counts was reversible error. This argument has no merit. It is beyond dispute that the separate paragraphs of Section 152 create separate crimes, the violation of which may be indicted separately. See, e. g., United States v. Schireson, 116 F.2d 881 (3 Cir. 1940). And it has been held that separate transfers in violation of paragraph 6 constitute separate offenses. Dranow v. United States, 307 F.2d 545 (8 Cir. 1962), United States v. Shapiro, 101 F.2d 375 (7 Cir. 1939). The only possible error, therefore, was the failure to consolidate Counts I and IV but we are unable to find the slightest

prejudice to appellants. This was not a case where each transfer of money into the bank account was treated as a separate offense. See Edwards v. United States, 265 F.2d 302 (9 Cir. 1959). And since the sentences of each appellant on each count are to run concurrently, they cannot complain of a failure to consolidate two of the more minor counts of an eight-count indictment.

In any event, appellants have waived their rights to have this question considered on appeal. A pre-trial motion to consolidate was denied on the ground that the resolution of such a motion should be deferred until trial. The motion, however, was not renewed at trial and the appellants proceeded without further objection to this aspect of the indictment.

B. *Sufficiency of the Evidence.*

■ Appellant Scata asserts that the evidence relating to Count VII, the transferred merchandise, was insufficient in several respects. First, he argues that the government's case was fatally defective because of the inadvertent failure to introduce into evidence the records of the Rocky Hill store which formed the basis of the expert testimony. As it is not disputed that these records were in court and available to the defense, the most this argument suggests is a formal violation of the best evidence rule. Certainly, if these records had been destroyed, the experts could have testified to their contents. Corbett v. United States, 238 F.2d 557 (9 Cir. 1956). Because these records were available to the defense for use in cross-examination or otherwise, appellants cannot demonstrate any possible prejudice requiring reversal.

■■ Second, appellant contends that because it does not appear that all of the corporate records were before the experts, their testimony was incompetent. There is no suggestion that the government suppressed evidence and, in fact, it does not appear to be disputed that the principal reason for the absence of some records was that the appellants failed to produce them in accordance with the Trustee's demand. Nor do we understand

the appellants to claim that the absence of some records was necessarily prejudicial to them for they do not contest the assertion of the government that the missing records would be more damning than redeeming to the appellants. We are of the opinion that argumentation concerning any lapses in the government's case and explanations for those lapses, if any, properly would be directed to the jury. It is clear beyond doubt that the government presented adequate evidence of misappropriation of merchandise to go to the jury.

C. *Venue.*

 Scata's attack on the venue is without merit but should be noted. Essentially he argues that the concealment, if any, occurred in New York. But the crime charged is concealment from the Trustee and the situs of the Trustee is Connecticut. It can scarcely be argued that Scata had no duty to disclose to the Trustee a prior concealment in another state. See, e. g., United States v. Zimmerman, 158 F.2d 559 (7 Cir. 1946). The proper venue, therefore, is Connecticut. See also 18 U.S.C. § 3237.

Affirmed.