**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Sam ARGE and Benson Ackerman, aka Ben Ackerman, Defendants-Appellees.**

**No. 237–69.**

United States Court of Appeals
Tenth Circuit.
Dec. 1, 1969.

F. T. Wetzel, Asst. U. S. Atty., Salt Lake City, Utah (William T. Thurman, U. S. Atty., Salt Lake City, Utah, with him on the brief) for appellant.

Parker M. Nielson, Salt Lake City, Utah (Adam M. Duncan, Salt Lake City, Utah, with him on the brief) for appellee Arge.

Allen B. Bickart, Phoenix, Ariz., adopted the briefs and argument of appellee Arge for appellee Ackerman.

Before PHILLIPS, Senior Circuit Judge, and BREITENSTEIN and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

A two count indictment was dismissed by the trial court upon the motion of appellees.

The first count charged a violation of 18 U.S.C. § 152, fraudulent concealment of bankruptcy assets; the second

count charged a conspiracy to conceal the assets in violation of 18 U.S.C. § 371.

The second count charging conspiracy realleges the substantive count one as the violation which appellees conspired to commit. Therefore, a consideration of the first count alone was urged to the court in the briefs and oral arguments. We accepted the issue with this understanding and direct our attention to count one.

The government perfected this appeal.

The order of the trial court did not state the grounds upon which the motion was granted. Therefore the issues presented by the litigants differ in breadth.

The government limits the issue to the questions: Is it necessary to allege that the receiver and trustee in bankruptcy are charged with the control or custody of the property as defined in 18 U.S.C. § 152; and, is it necessary to name or identify the creditors of the bankrupt?

The appellees broaden the issue to whether or not the indictment is vague, ambiguous, inconsistent and impossible to defend.

■ Title 18 U.S.C. § 152 creates eight separate offenses in its eight paragraphs. United States v. Gordon, 379 F.2d 788 (2d Cir.) cert. denied, 389 U.S. 927, 88 S.Ct. 286, 19 L.Ed.2d 277 (1967).

The briefs of the parties and their oral argument establish that paragraph 1 of 18 U.S.C. § 152 states the offense with which the indictment purports to charge appellees.[1]

Count one of the indictment contains six paragraphs.[2]

---

1. "Whoever knowingly and fraudulently conceals from the receiver, custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, or from creditors in any bankruptcy proceeding, any property belonging to the estate of a bankrupt; or * * *."

2. "1. On the 28th day of July, 1965, an involuntary petition in bankruptcy was filed in the United States District Court for the District of Utah praying that Anderson Coach Company, Anderson Mobile Homes Manufacturing, Inc., and Anderson Coach Company, dba Anderson Mobile Homes Manufacturing, Inc., (hereinafter called Anderson Coach Company), a corporation organized and existing under the laws of the State of Michigan, with its principal place of business [in] Salt Lake City, Utah, be adjudicated a bankrupt and in pursuance of said petition, the said corporation was, on the 14th day of September, 1965, adjudicated a bankrupt.
"2. On the 24th day of August, 1965 the said bankruptcy proceeding was referred to Bruce S. Jenkins, one of the referees in bankruptcy of the aforesaid Court for further proceedings in accordance with the bankruptcy laws.
"3. Thereafter on the 24th day of August, 1965, A. J. Bumm was appointed Receiver in the aforesaid proceeding and on the 4th day of October, 1965, John H. Allen was appointed Trustee of the estate of the said bankrupt.
"4. During all of the times hereinafter mentioned, Sam Arge, a defendant herein, was the President of the said bankrupt, and Benson Ackerman, a defendant herein, was an agent of the said bankrupt, having been appointed in that capacity by said Sam Arge.
"5. At the time of the adjudication of the said Anderson Coach Company, as a bankrupt, and continuously thereafter until the date of the return of this indictment, only a part of the assets were made available to the officers of the Court, appointed as aforesaid, and to creditors of the said bankrupt, whereas preceding the filing of the said bankruptcy petition, the said bankrupt had substantial property, including, among other things six house trailers, * * *
"6. On or about the 20th day of August, 1965, and continuously thereafter until the date the property was discovered, in the District of Utah, the said Sam Arge and Benson Ackerman, knowingly and fraudulently did conceal from A. J. Bumm and John H. Allen, Receiver and Trustee, respectively, as aforesaid, and from creditors in the said proceeding, property of the value of approximately $16,400, to-wit, the six * * * house trailers mentioned heretofore, in violation of Section 152, Title 18, United States Code."

"Rule 7(c), F.R.Crim.P., 18 U.S.C.A., provides that an indictment or information '* * * shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. * * *' The sufficiency of an indictment or information is to be determined by practical rather than technical considerations. The test is not whether the indictment could have been made more definite and certain. Rather, before a conviction, the indictment standing alone must contain the elements of the offense intended to be charged and must be sufficient to apprise the accused of the nature of the offense so that he may adequately prepare a defense. And, after a conviction, the entire record of the case must be sufficient so as to enable the accused to subsequently avail himself of the plea of former jeopardy if the need to do so should ever arise." Clay v. United States, 326 F.2d 196, 198 (10th Cir. 1963).

■ The indictment standing alone must contain the following elements to constitute the offense charged:

(a) Time and place must be alleged.

(b) Knowingly and fraudulently must be alleged.

(c) A description of the property concealed must be alleged.

(d) The names or identification of the parties from whom concealed must be alleged.

(e) That the property was part of the bankrupt estate must be alleged.

2 Collier on Bankruptcy ¶ 29.05, p. 1175, 1176–1179 (14th ed. 1969).

■ The indictment alleges "[o]n or about the 20th day of August, 1965, and continuously thereafter until the date the property was discovered, in the District of Utah. * * *"

It is contended that this allegation is ambiguous and improper because the receivers and trustee had not been appointed at the time of the alleged concealment. The indictment alleges an involuntary petition in bankruptcy was filed on the 28th day of July, 1965; that the proceeding was referred to the referee on the 24th day of August, 1965; that the bankruptcy was adjudicated on the 14th day of September, 1965; and the trustee appointed on the 4th of October, 1965.

Concealment is a continuing offense. Somberg v. United States, 71 F.2d 637 (7th Cir. 1934). "[T]he concealor can be held but for one offense of concealing during the period of a continuous concealment." Supra at 639.

"It is sufficient to constitute concealment if it prevents the discovery of or withholds knowledge of the asset." Burchinal v. United States, 342 F.2d 982, 985 (10th Cir.), cert. denied, 382 U.S. 843, 86 S.Ct. 46, 15 L.Ed.2d 84 (1965).

Where time is not an essential element of the offense, a defect in the allegation of time is one of form only. Butler v. United States, 197 F.2d 561 (10th Cir. 1952); Weatherby v. United States, 150 F.2d 465 (10th Cir. 1945). "The [time] allegation is not regarded as going to an essential element of the crime, and, within reasonable limits, proof of any date before the return of the indictment and within the statute of limitations is sufficient." 1 Wright, Fed.Prac. & Proc. § 125, p. 247 (1969).

It is alleged in paragraph 6 of count 1 of the indictment that the accused, "knowingly and fraudulently did conceal from * * *" thereby satisfying element (b) above set out.

The property is described in paragraph 5 of count 1 of the indictment and there is no claim that the description is so general that it would inhibit the preparation of a defense. Therefore element (c) above is satisfied.

■■ It is clear from paragraph 6 that the concealment was from the named receiver and trustee. The indictment must stand on its allegations and whatever the bill of particulars contained in the way of variance from this allegation, in the light of concealment being a continuous offense, does not ef-

fect the sufficiency of the indictment. There is no reason to believe any other persons than those described are required to identify the persons from whom the property was concealed. Thus, the foregoing element (d) is satisfied.

▮ Paragraph 5 of count 1 of the indictment charges the described property should have been included in the bankruptcy estate. Therefore element (e) above is satisfied.

All of the elements are charged and, as indicated in the foregoing analysis, the averments are sufficient to apprise the accused that they are charged with concealment of described assets from the bankrupt estate.

▮ The entire record of a prior trial is available for the double jeopardy protection and therefore the application of the tools provided an accused during the course of a trial assure him of the definiteness of the offense of which he is acquitted or convicted.

▮ In view of the foregoing, we reverse the trial court and affirm the indictment as properly charging the offenses alleged under 18 U.S.C. § 152, and 18 U.S.C. § 371.

Reversed and remanded for further proceedings.