**UNITED STATES of America,**
**Appellee,**

v.

**Jon D. IVERS, Appellant.**

**No. 74–1916.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 11, 1975.

Decided March 11, 1975.

Mark R. Fraase, Wegner, Fraase & Cooke, Fargo, N. D., for appellant.

Harold O. Bullis, U. S. Atty., Fargo, N. D., for appellee.

Before BRIGHT and STEPHENSON, Circuit Judges, and TALBOT SMITH,* Senior District Judge.

TALBOT SMITH, Senior District Judge.

Jon D. Ivers appeals his conviction of misappropriating, in violation of 18 U.S.C. § 153, the funds of an estate in bankruptcy which came into his charge as custodian.[1] He challenges the sufficiency of the indictment, the sufficiency of the evidence and the admissibility of certain evidence. We affirm.

The evidence shows that Continental Mortgage Company was adjudged a bankrupt and defendant appointed trustee. The only asset of Continental was an unsecured claim against another bankrupt, Dalco American Enterprises, Inc. On November 24, 1971, after a divi-

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. 18 U.S.C. § 153 provides:

Whoever knowingly and fraudulently appropriates to his own use, embezzles, spends, or transfers any property or secretes or destroys any document belonging to the estate of a bankrupt which came into his charge as trustee, receiver, custodian, marshal, or other officer of the court, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

dend received from Dalco in partial satisfaction of this obligation was distributed, the Continental bankruptcy was closed and defendant was discharged as trustee. In December, 1971, however, Dalco discovered additional assets, and the bankruptcy court authorized an additional dividend to Continental. A check in the amount of $466.51 payable to "Continental Mortgage Co., John Ivers, Trustee" was delivered to defendant. In February, 1972 the Continental bankruptcy was reopened to administer this asset,[2] and on September 28, 1972 the bankruptcy judge countersigned checks drawn on the bankruptcy trust account of Continental, distributing the additional funds. All but one of the checks (payable to the clerk of the court for the referee fee) were retained by defendant for mailing to the payees. The checks were not mailed despite the court's requests of March 5 and August 28, 1973 and, on November 12, 1973, its order that defendant submit proof that the checks had been honored. On December 11, 1973, over a year after they had been signed, the defendant mailed the checks back to the court. Investigation disclosed that the defendant had deposited the original Dalco check to his own business account on January 10, 1972. He did not credit the Continental bankruptcy trust account in full until December 10, 1973 when $457 was deposited.[3]

The indictment was returned September 25, 1974, charging that:

On or about January 10, 1972, at Fargo, in the District of North Dakota, JON D. IVERS did knowingly and fraudulently appropriate to his own use Check No. 4122 in the amount of $466.51 dated December 22, 1971, from Dalco American Enterprises, Inc., to Continental Mortgage Company, a bankrupt (Bankruptcy No. 68–2) and

which had come into his charge as custodian.

The defendant urges two related points based on the theory that it is possible for a trustee to abandon property belonging to an estate in bankruptcy, in which case title reverts to the bankrupt.[4] The misappropriation of such abandoned property would not be an offense against the United States, it is urged, because it would no longer belong to the "estate of a bankrupt" within the meaning of 18 U.S.C. § 153. Thus it is first argued that the indictment should have been dismissed because it charges that the misappropriated property belonged to "a bankrupt" and not that it belonged to the "estate of a bankrupt."

This argument was not presented to the court in defendant's motion to dismiss the indictment. In these circumstances an indictment "will ordinarily be held sufficient unless it is 'so defective that by no reasonable construction can it be said to charge the offense for which the defendant [was] convicted.' Muench v. United States, 96 F.2d 332, 335 (8th Cir. 1938)."[5] It is not necessary that the indictment follow the exact wording of the statute. Rudin v. United States, 254 F.2d 45, 48 (6th Cir.), cert. denied, 357 U.S. 930, 78 S.Ct. 1374, 2 L.Ed.2d 1371 (1958). Thus it has been held that an indictment charging that "only a part of the assets [of a bankrupt corporation] were made available to the officers of the Court" was sufficient to allege for purposes of 18 U.S.C. § 152 (concealment of "any property belonging to the estate of a bankrupt") that the property was part of the bankrupt estate. United States v. Arge, 418 F.2d 721, 723 n. 2, 725 (10th Cir. 1969). Similarly, an indictment under 18 U.S.C. § 152 charging the concealment from the trustee in bankruptcy of a named corporation of

---

2. *See* Bankruptcy Act § 2(a)(8), 11 U.S.C. § 11(a)(8).

3. In September, 1972 defendant had deposited $20, which covered the referee's check.

4. Citing Stanolind Oil & Gas Co. v. Logan, 92 F.2d 28, 31 (5th Cir.), cert. denied, 302 U.S. 763, 58 S.Ct. 409, 82 L.Ed. 592 (1937).

5. United States v. Murray, 492 F.2d 178, 192 (9th Cir. 1973), cert. denied, 419 U.S. 942, 95 S.Ct. 210, 42 L.Ed.2d 166 (1974); *accord*, Hagner v. United States, 285 U.S. 427, 433, 52 S.Ct. 417, 76 L.Ed. 861 (1932); *see* Fed.R. Crim.P. 12(b)(2).

certain cash and inventory "which were the property of said corporation" was held sufficient. *Rudin, supra,* 254 F.2d at 47, 48.[6]

■ Since it was the intent of Congress to secure to creditors the same property rights which the bankrupt owned,[7] it is usual to speak of the property of the bankrupt as synonymous with property of the estate in bankruptcy.[8] Here the indictment charged defendant with misappropriating a check payable to "Continental Mortgage Company, a bankrupt (Bankruptcy No. 68–2)" which came into his charge as "custodian." We think this language, reasonably construed, is sufficient to allege that the misappropriated property belonged to the estate of a bankrupt.[9]

■ Defendant next urges that the court erred in denying defendant's motions for judgment of acquittal in that "the government should have been required to prove that the [Dalco check was] the property of the estate in bankruptcy of Continental Mortgage Company and in custodia legis in the Bankruptcy Court and not the property of a bankrupt." At oral argument this second point was modified or explained by the defendant as predicated on the trial court's failure to instruct the jury that the misappropriated funds must be proved beyond a reasonable doubt to be the property of the estate in bankruptcy. Again, defendant's argument is based on the proposition that a trustee may abandon property belonging to an estate in bankruptcy. However, it is clear from the record that the Dalco check, payable to "Continental Mortgage Co., John Ivers, Trustee" was an asset of the estate in bankruptcy at the time it came into defendant's possession. Abandonment is not to be lightly inferred.[10] The mere closing of bankruptcy proceedings does not effect an abandonment of unadministered assets.[11] After the discharge of the trustee such assets remain in *custodia legis* of the bankruptcy court.[12] There simply is no evidentiary basis to suggest that the outstanding claim against Dalco was abandoned; indeed, the additional funds were ultimately administered by the bankruptcy court as an asset of the bankrupt estate. We conclude the court properly overruled defendant's motions for judgment of acquittal.

Further, we find that the instructions contain no plain error affecting substantial rights.[13] Defendant did not object to the instructions on the grounds here urged,[14] and we are satisfied no prejudice has resulted. The argument of abandonment is based on an hypothesis

6. *See also* Paszkiewicz v. United States, 3 F.2d 272 (7th Cir. 1924); United States v. Comstock, 161 F. 644 (C.C.D.R.I.1908); *but cf.* United States v. Grant, 1 F.2d 723 (E.D. Mich.1924).

7. Segal v. Rochelle, 382 U.S. 375, 379, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966); Bankruptcy Act § 70, 11 U.S.C. § 110.

8. *See* United States v. Comstock, 161 F. 644, 647 (C.C.D.R.I.1908); *see also* Rudin v. United States, 254 F.2d 45, 48 (6th Cir.), cert. denied, 357 U.S. 930, 78 S.Ct. 1374, 2 L.Ed.2d 1371 (1958).

9. United States v. Arge, 418 F.2d 721, 725 (10th Cir. 1969); Rudin v. United States, 254 F.2d 45, 48 (6th Cir.), cert. denied, 357 U.S. 930, 78 S.Ct. 1374, 2 L.Ed.2d 1371 (1958); *see* United States v. Debrow, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92 (1953); Rood v. United States, 340 F.2d 506, 509–10 (8th Cir.), cert. denied, 381 U.S. 906, 85 S.Ct. 1452, 14 L.Ed.2d 287 (1965); Fed.R.Crim.P. 7(c)(1).

10. *See generally* 4A W. Collier, Bankruptcy ¶ 70.42 [3] (14th ed. 1971).

11. Stanolind Oil & Gas Co. v. Logan, 92 F.2d 28, 31 (5th Cir.), cert. denied, 302 U.S. 763, 58 S.Ct. 409, 89 L.Ed. 592 (1937); 4A W. Collier, Bankruptcy ¶ 70.07 [2] (14th ed. 1971).

12. Stanolind Oil & Gas Co. v. Logan, 92 F.2d 28, 31 (5th Cir.), cert. denied, 302 U.S. 763, 58 S.Ct. 409, 89 L.Ed. 592 (1937); 4A W. Collier, Bankruptcy ¶ 70.07 [2] (14th ed. 1971).

13. Fed.R.Crim.P. 52(b).

14. While the court in its charge did not specifically emphasize that the misappropriated funds must belong to the estate in bankruptcy, we note that the relevant portions of 18 U.S.C. § 153 were quoted to the jury and that "custodian" was defined as "a person other than a trustee or receiver into whose custody or charge any property belonging to a bankrupt estate comes."

having no relation to the facts in the case and is clearly raised here as an afterthought.

The remaining contentions of the defendant are without sufficient merit to warrant extended discussion. We are satisfied from our review of the briefs and record that there is substantial evidence to support the verdict and that no prejudicial error appears in the admission of evidence.

The judgment is

Affirmed.