69 F.3d 548
 Bankr. L. Rep. P 76,783
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph F. BEDFORD, Defendant-Appellant.
 No. 95-5033.
 United States Court of Appeals, Tenth Circuit.
 Nov. 1, 1995.
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, MCKAY, and HENRY, Circuit Judges.
 SEYMOUR, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Joseph F. Bedford, Jr. pled guilty to one count of concealing assets from a bankruptcy trustee in violation of 18 U.S.C. 152. He was sentenced to twelve months and one day in prison and ordered to pay $3,600 in restitution. On appeal, Mr. Bedford challenges only his sentence, arguing that the district court erred in imposing an enhancement for more than minimal planning and in including certain items when calculating the value of the concealed property. We affirm.
 
 
 3
 Mr. Bedford and his wife owned a once-thriving tool company that ran into trouble with the Internal Revenue Service. As a result of his tax problems, Mr. Bedford and his business filed a petition in bankruptcy for reorganization under Chapter 11 that was subsequently converted to a Chapter 7 liquidation. At the conversion hearing, the bankruptcy judge warned the Bedfords not to remove or conceal any assets. Notwithstanding the bankruptcy court's directive, Mr. Bedford admittedly took $8,000 from a personal bank account, tools worth $14,000, and business records. Mr. Bedford admitted concealing the money, tools, and records with the help of his wife for approximately four months. The concealed assets were hidden at an out-of-state residence which Mrs. Bedford rented in her name.
 
 
 4
 Also missing from the business were assets valued at $26,100, which Mr. Bedford denied taking. The person responsible for the disappearance of these assets was not ascertained at the sentencing hearing.
 
 
 5
 Violators of 18 U.S.C. 152 are sentenced pursuant to U.S.S.G. 2F1.1, which has a base offense level of six. This offense level is increased by four if the loss exceeds $20,000 and by five if the loss exceeds $40,000. In sentencing Mr. Bedford, the court added two levels for more than minimal planning and two levels for Mr. Bedford's violation of the bankruptcy court's order. The court also gave Mr. Bedford a two-level reduction for acceptance of responsibility. In calculating the amount of the loss, the court agreed with the government that the assets which Mr. Bedford denied concealing were properly included because he had been made responsible for protecting them by the bankruptcy court. However, the court pointed out that under the Guidelines it could and would give Mr. Bedford the same sentence whether the loss included these assets or not.
 
 
 6
 Mr. Bedford concedes on appeal that his sentence falls within the overlap of the ranges for offense levels thirteen and twelve, and that inclusion of the disputed assets would only result in a sentence outside an overlap if we agree that his sentence should not have been enhanced for more than minimal planning.[2]
 
 
 7
 The applicability of an enhancement for more than minimal planning is an essentially factual inquiry that we review under the clearly erroneous standard. See United States v. Yost, 24 F.3d 99, 105 (10th Cir.1994); United States v. Williams, 966 F.2d 555, 558 (10th Cir.1992). The Guidelines state that this enhancement applies when "more planning [was done] than is typical for commission of the offense in a simple form," or when "significant affirmative steps were taken to conceal the offense," or "in any case involving repeated acts over a period of time." U.S.S.G. 1B1.1 comm. app. n. 1(f). The Guidelines thus provide three distinct rationales for the enhancement, any one of which will justify its application. See United States v. Bridges, 50 F.3d 789, 791 (10th Cir.1994).
 
 
 8
 In applying this enhancement the court here stated:
 
 
 9
 It took some planning in order to hide these matters and to rent property in Arkansas and all of the other things that were involved in this; to get his wife involved in helping him to conceal these assets; established the utilities for that residence in her name, and all of those things as set forth in the presentence investigation report.
 
 
 10
 Rec., vol. III at 56. In view of these facts, we agree that Mr. Bedford's acts of concealment involved more planning than is typical for commission of the offense in a simple form. The court's application of this enhancement was not clearly erroneous.
 
 
 11
 We reject Mr. Bedford's argument that his conduct after the assets were taken is not relevant to the applicability of this enhancement. As Mr. Bedford recognizes, we have held that concealment of assets is a continuing crime. See United States v. Arge, 418 F.2d 721, 724 (10th Cir.1969); see also United States v. Moody, 923 F.2d 341, 351 (5th Cir.), cert. denied, 502 U.S. 821 (1991). Mr. Bedford's acts during the continuing course of the concealment are therefore relevant to determining whether that concealment involved more than minimal planning.
 
 
 12
 Because we have concluded that the sentencing court did not commit clear error by enhancing Mr. Bedford's offense level for more than minimal planning, his sentence falls within the overlap of the ranges for offense levels twelve and thirteen. Accordingly, we need not address his argument regarding valuation of the loss.
 
 
 13
 The sentence is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 If the loss calculation includes all the assets, it exceeds $40,000 and requires an increase of five levels. See U.S.S.G. 2F1.1(b)(1)(F). Thus Mr. Bedford's total offense level would be 13, which together with his criminal history category of I results in a range of 12 to 18 months. See U.S.S.G. Sentencing Table. If the loss excludes the disputed assets, it only exceeds $20,000 and requires an increase of four levels. See U.S.S.G. 2F1.1(b)(1)(E). Mr. Bedford would then have a total offense level of 12, resulting in a range of 10 to 16 months. See U.S.S.G. Sentencing Table. Mr. Bedford's sentence of twelve months and one day falls within the overlap of these ranges. If however a two-level increase for more than minimal planning is not included, the arguably applicable offense levels would be 11, with a range of 8-14 months, and 10, which only has a range of 6 to 12 months. Mr. Bedford's sentence of 12 months and 1 day would therefore fall outside the range for offense level 10 and thus outside the overlap