**BIC CORPORATION and Wite–Out Products, Inc., Plaintiffs–Appellees,**

v.

**FAR EASTERN SOURCE CORPORATION, Defendant–Appellant.**

No. 01–7074.

United States Court of Appeals, Second Circuit.

Oct. 12, 2001.

Dolly Caraballo, N.Y., NY, for appellant.

Peter D. Vogl, Pennie & Edmonds, N.Y., NY, for appellee.

Present KEARSE, MINER and PARKER, Circuit Judges.

## SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant Far Eastern Source Corporation ("Far Eastern") appeals from a final judgment of the United States District Court for the Southern District of New York, Harold Baer, Jr., *Judge,* granting plaintiffs BIC Corporation and Wite–Out Products, Inc. (collectively "BIC"), an injunction prohibiting Far Eastern from continuing to use the mark "WIPE–OUT" on Far Eastern's correction products. On appeal, Far Eastern does not take issue with the district court's ruling that the "Wite–Out" mark is not generic; rather it argues

principally that the district court erred in analyzing the strength of BIC's mark and in the overall balancing of the *Polaroid* factors, *see Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492, 495 (2d Cir.) (*"Polaroid"*), *cert. denied*, 368 U.S. 820, 82 S.Ct. 36, 7 L.Ed.2d 25 (1961). Far Eastern also argues that several of the district court's evidentiary rulings were erroneous and that the injunction is overbroad. For the reasons that follow, we find no basis for reversal.

In arguing that the district court made errors in its evidentiary rulings, Far Eastern contends principally that a consumer survey offered by BIC should have been excluded due to the possibility of confusion in the minds of those responding to the survey; that Mary Pugh was allowed to give expert opinion testimony without being qualified as an expert; and that the expert testimony of Jacob Jacoby with respect to the efficacy of disclaimers should have been excluded for unreliability. Far Eastern also contends that the testimony of Charles McCaffrey as to BIC's market share and marketing expenditures was inadmissible hearsay. We see no basis for reversal.

 The trial court has broad discretion over the admission of evidence, *see, e.g., Healey v. Chelsea Resources, Ltd.*, 947 F.2d 611, 619 (2d Cir.1991), and its evaluation of the probative value of proffered evidence is entitled to substantial deference, *see, e.g., George v. Celotex Corp.*, 914 F.2d 26, 28 (2d Cir.1990). It is within the discretion of the court to admit evidence of the results of a survey that has "poll[ed] individuals about their presently-existing states of mind to establish facts about the group's mental impressions." *Schering Corp. v. Pfizer Inc.*, 189 F.3d 218, 227 (2d Cir.1999). "[E]rrors in methodology . . . properly go only to the weight of the evidence—subject, of course, to Rule 403's more general prohibition against evidence

that is less probative than prejudicial or confusing." *Id.* at 228.

 The trial court's discretion is especially broad with respect to the admission or exclusion of expert evidence. *See, e.g., Salem v. United States Lines Co.*, 370 U.S. 31, 35, 82 S.Ct. 1119, 8 L.Ed.2d 313 (1962); Fed.R.Evid. 702. Although expert testimony may be excluded if it is speculative or conjectural, *see In re Air Disaster at Lockerbie Scotland*, 37 F.3d 804, 824 (2d Cir.1994), *cert. denied*, 513 U.S. 1126, 115 S.Ct. 934, 130 L.Ed.2d 880 (1995), or if it is based on assumptions that are "so unrealistic and contradictory as to suggest bad faith" or to be in essence an " 'apples and oranges' comparison," *Shatkin v. McDonnell Douglas Corp.*, 727 F.2d 202, 208 (2d Cir.1984), other contentions that the assumptions are unfounded "go to the weight, not the admissibility, of the testimony," *Tyler v. Bethlehem Steel Corp.*, 958 F.2d 1176, 1188 (2d Cir.), *cert. denied*, 506 U.S. 826, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992).

 The trial court also has discretion to allow lay opinion testimony based on the witness's observations where that testimony will be helpful to the factfinder in determining a fact in issue. *See, e.g.,* Fed. R.Evid. 701(b); *Howley v. Town of Stratford*, 217 F.3d 141, 155 (2d Cir.2000); *United States v. Urlacher*, 979 F.2d 935, 939 (2d Cir.1992); *Brady v. Chemical Construction Corp.*, 740 F.2d 195, 201 (2d Cir. 1984). The trial court's view of helpfulness is entitled to deference. *See generally George v. Celotex Corp.*, 914 F.2d at 28 ("district court's determination of relevance will not be disturbed unless it evidences an abuse of discretion").

 In reviewing a decision of the trial court as to the admissibility of evidence, we apply an abuse-of-discretion standard. *See, e.g., General Electric Co. v.*

*Joiner*, 522 U.S. 136, 138–39, 141–43, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997) (expert testimony); *Salem v. United States Lines Co.*, 370 U.S. at 35, 82 S.Ct. 1119 (decision to admit expert testimony must be upheld unless decision is "manifestly erroneous"); *Schering Corp. v. Pfizer Inc.*, 189 F.3d at 224 (survey evidence); *Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 292 (2d Cir. 1999) (same); *Brady v. Chemical Construction Corp.*, 740 F.2d at 201 (lay opinion). Further, the admission of evidence in a bench trial is rarely ground for reversal, for the trial judge is presumed to be able to exclude improper inferences from his or her own decisional analysis. *See, e.g., Schultz v. Butcher*, 24 F.3d 626, 631–32 (4th Cir.1994) ("For a bench trial, we are confident that the district court can hear relevant evidence, weigh its probative value and reject any improper inferences."); *Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. Unit A Jan.1981); *see also* 11 C. Wright & A. Miller & M. Kane, *Federal Practice and Procedure* § 2885, at 454–55 (2d ed. 1995) ("In nonjury cases the district court can commit reversible error by excluding evidence but it is almost impossible for it to do so by admitting evidence. The appellate court will disregard the inadmissible evidence and hold that its admission was harmless if there was competent evidence to sustain the findings of the court." (footnotes omitted)). An erroneous ruling will not lead to reversal unless affirmance would be "inconsistent with substantial justice," Fed.R.Civ.P. 61; *see, e.g., Healey v. Chelsea Resources, Ltd.*, 947 F.2d at 620.

In the present case, we see no error in the court's admission of the evidence to which Far Eastern objects on this appeal. Far Eastern's contention that the survey results may have been misleading because the oral responses of the persons polled may have been "white out" rather than "Wite-Out" go the weight of the evidence, not to its admissibility. Respondents to the poll were asked to state brands of correction products, and the possibility that they responded "white out" as a description, rather than "Wite-Out" as a brand name, is speculative. It was well within the province of the court to admit the survey evidence, especially in a bench trial.

Far Eastern's contention that Pugh was improperly allowed to testify with regard to the survey as an expert despite her lack of expert qualifications is unsupported by the record. Although at one point the court referred to Pugh as an expert, it noted, "I don't think she is telling us anything as an expert. I think she is telling us what her experience provides for her." Pugh had worked directly on the design and interpretation of the survey—which had been prepared in BIC's normal course of business, not for litigation purposes—and the court indicated its view that Pugh's testimony would be helpful. The admission of her lay testimony was not an abuse of discretion.

Nor are we persuaded by Far Eastern's contention that expert testimony by Jacoby as to the efficacy of Far Eastern's disclaimers on its packaging should have been excluded on the basis that Jacoby was not qualified to give that testimony. Given the evidence as to Jacoby's credentials, we see no error in the court's admission of his testimony.

Lastly, although the testimony of McCaffrey as to BIC's market share and marketing expenditures was perhaps hearsay and not the best evidence, we see no basis for reversal. His testimony was based on his first-hand knowledge gained in various positions he had held with BIC, as well as on marketing studies that he had received in the course of his duties at BIC; and copies of the studies themselves had been provided to Far Eastern. Any

error in the admission of McCaffrey's testimony was harmless. *See, e.g., United States v. Gordon,* 379 F.2d 788, 790 (2d Cir.), *cert. denied,* 389 U.S. 927, 88 S.Ct. 286, 19 L.Ed.2d 277 (1967) (when records that formed the basis of testimony were made available to the opposing party, failure to introduce the records themselves into evidence is at most "a formal violation of the best evidence rule," which does not create "prejudice requiring reversal").

Finally, we reject Far Eastern's challenges to the merits of the judgment against it. We see no clear error in the challenged findings of fact, nor any error of law in the court's balancing of the *Polaroid* factors, and we affirm substantially for the reasons stated in Judge Baer's Opinion and Order dated December 17, 2000. We have also considered Far Eastern's contention that the injunction fashioned was overly broad. We see no abuse of discretion, *see, e.g., Starter Corp. v. Converse, Inc.,* 170 F.3d at 299, in the terms of the injunction, given the court's permissible views of the likelihood of consumer confusion inherent in the close similarity between "Wite–Out" and "WIPE–OUT" and the inadequacy of Far Eastern's disclaimers to eliminate the likelihood of such confusion.

We have considered all of Far Eastern's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.