No. 73–6666.  MURRAY v. UNITED STATES.  C. A. 9th Cir.  Certiorari denied.

MR. JUSTICE DOUGLAS, dissenting.

Acting upon information received from the Los Angeles Police Department that a man of a specified description would arrive on a certain airplane carrying heroin inside a garment bag, a San Francisco sheriff's deputy observed petitioner arriving on the designated flight, matching the description given and carrying a garment bag.  The

---

deputy stopped petitioner, searched the bag, and discovered heroin that was used to secure petitioner's conviction for importing heroin into the United States. Petitioner appealed the conviction on the ground that the heroin should have been suppressed as the fruit of an unlawful search. The court below held that the report received from the Los Angeles police, as "corroborated" by petitioner's appearance on the flight designated and matching the description, furnished probable cause for the forcible inspection of petitioner's garment bag.

Because the court below failed to inquire into the origin of the information furnished by the Los Angeles police, it cannot be said that probable cause for the search has been established. Had the information been based upon the observations of a Los Angeles police officer, a proper assessment of probable cause would have necessitated examination of the observations on which he relied, to see whether they would have justified belief by a "man of reasonable caution" that petitioner was carrying contraband, *Carroll* v. *United States,* 267 U. S. 132, 162 (1925). Had the police report been based upon a tip received by the Los Angeles police from an informer, somewhat greater scrutiny would have been necessary to apply the requirements of *Aguilar* v. *Texas,* 378 U. S. 108 (1964), and *Spinelli* v. *United States,* 393 U. S. 410 (1969). These cases held that to furnish probable cause a tip must disclose the informer's observations upon which any conclusion is based and must be accompanied by information supporting the informer's credibility.* Neither kind

---

*These requirements were held satisfied in *United States* v. *Harris,* 403 U. S. 573 (1971), where the affiant alleged receiving "personal information" from a "prudent person" that the defendant had recently sold illicit liquor. However one may view *Harris,* it plainly furnishes no support for the search here. The Court relied on the fact that the unidentified informer made admissions against penal interest as well as certain assertions of "personal knowledge"—fac-

of inquiry occurred here, for the court below failed to go beyond the fact that the information came from the Los Angeles police. But the transmission of the information in the form of a Los Angeles "police report" is of no immediate analytical significance; the Los Angeles Department merely served as a conduit between the searching officer and a still undisclosed source. The fact that the searching officer received his information from another police officer does not alter the usual Fourth Amendment inquiry. On this point the holding of *Whiteley* v. *Warden*, 401 U. S. 560 (1971), is dispositive; the conclusions embodied in a police bulletin are not shielded from judicial scrutiny.

The court below viewed petitioner's arrival on the designated flight and his physical appearance as corroborative of the "tip" received from the Los Angeles police and relied upon *Draper* v. *United States*, 358 U. S. 307 (1959), in upholding the search. In *Draper* an informer predicted that the defendant would arrive on a certain train wearing certain clothing and carrying heroin that was recently purchased. The informer, whom the police viewed as reliable from prior dealings, had a few days earlier given information that the defendant was dealing in heroin. The Court held that when the defendant arrived on the designated train attired as the informer had predicted, the police had probable cause to make the search of his person that resulted in the discovery of heroin. *Draper* does not support the result here; it involved a known informer, having a reputation for reliability, who had given information previously. It is impossible to say that any of these factors were present here. The "corroboration" only established that someone was well acquainted with petitioner's travel plans.

tors necessarily absent here on the present record because the origin of the observations was not explored.

As in *Whiteley* v. *Warden, supra,* nothing in petitioner's appearance when the police first met him tended to confirm the allegation of criminal conduct.

The decision below arguably represents a failure to follow the Fourth Amendment principles enunciated in our decisions. Accordingly I would grant certiorari.