UNITED STATES of America,
Plaintiff-Appellee,

v.

Roy BURTS, Jr., et al.,
Defendants-Appellants.

Nos. 75–1805–75–1809.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 10, 1976.

Decided June 22, 1976.

Rehearing Denied in Nos. 75–1805–75–1806
July 26, 1976.

Joseph P. Zanglin, Detroit, Mich., David S. Molitz, Southfield, Mich., Barry W. Litvin, Birmingham, Mich., Robert F. Liss, Southfield, Mich. (Court-appointed CJA), for defendants-appellants.

Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., Kenneth A. Holland, c/o T. George Gilinsky, Washington, D. C., for appellee.

Before PHILLIPS, Chief Judge, EDWARDS and MILLER,* Circuit Judges.

EDWARDS, Circuit Judge.

Five defendants were convicted before the United States District Court for the Eastern District of Michigan, Southern Division, on a charge of conspiracy to manufacture, to possess with intent to distribute and to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 843(b) and 846 (1970). They appeal their convictions, each claiming that no overt act in furtherance of the alleged conspiracy was proved at their trial and that a conspiracy conviction cannot stand without proof of at least one overt

* Honorable William E. Miller died on April 12, 1976, and did not participate in this decision.

act. They also claim insufficiency of the proofs, an instance of prosecutorial misconduct, and other less substantial errors.

This is a long record based upon testimony of direct participants in the sales and purchases of heroin, and the transcripts of the recordations from three separate judicially sanctioned wiretaps. We have familiarized ourselves with this somewhat lengthy record, but do not believe that extensive quotation from it will greatly enhance legal literature.

We conclude that the record in this case clearly establishes the existence of a major drug distribution conspiracy and of one charged overt act in furtherance of it. We further conclude that the proofs, when viewed favorably to the government's case, were ample to establish the participation in the conspiracy of each defendant, that no instance of prosecutorial misconduct was committed, and that the other issues claimed are either frivolous or clearly unsubstantial. Additionally, although unnecessary to the result in this case, we observe that contrary to the general conspiracy statute, 18 U.S.C. § 371 (1970), the statute at issue here, 21 U.S.C. § 846 (1970), has been held not to require proof of any overt acts by the three circuits which have considered its validity in the face of this type of challenge. *United States v. Bermudez*, 526 F.2d 89 (2d Cir. 1975); *United States v. Beasley*, 519 F.2d 233 (5th Cir. 1975); *United States v. Murray*, 492 F.2d 178 (9th Cir. 1973), *cert. denied*, 419 U.S. 942, 95 S.Ct. 210, 42 L.Ed.2d 166 (1974).

## THE CONSPIRACY AND THE PARTICIPATION THEREIN OF THE FIVE DEFENDANTS

■ In addition to the five appellants, the indicted co-conspirators included Betty Mallory, Dorothy Williams, Tommie Murrie, James Reese, and Joe Edward Conway. Nine named but unindicted co-conspirators include John Classen, Raymond Hardrick and Venise O'Meally. Three of the just named indicted co-conspirators, Mallory, Williams and Reese, pleaded guilty at or before this trial. Classen absconded and is a fugitive. Hardrick and O'Meally were both convicted on a separate indictment also involving the current appellants. Murrie and Conway were acquitted on motions at the end of government proofs.

The major figures in the conspiracy were Classen and Hardrick. The principal distribution point for narcotics was 250 Highland Avenue, Highland Park, Michigan, where Hardrick and appellant Murphy were the principal operatives. Appellants Barnes and Pless likewise assisted in the drug operation at this location. Agent Smith testified to being threatened by appellant Pless with a shotgun while appellant Murphy was counting the money for a narcotics purchase at the Highland Avenue location. Smith also testified that on this occasion he saw Hardrick remove a .45 caliber automatic from his belt and give it to appellant Pless.

Appellants Murphy, MacDonald and Burts were each identified as being involved in overheard telephone conversations involving the sale of heroin. In a call on March 4, 1973, Hardrick called the Highland Avenue headquarters and inquired about business. Appellant Murphy advised him that appellant Pless had taken care of three customers and appellant Barnes had taken care of one. Additionally appellant Burts was overheard in several conversations arranging for customers to obtain drugs.

On March 14, 1973, agents served arrest and search warrants at 250 Highland Avenue. They arrested Hardrick, appellant Murphy and appellant Barnes and seized narcotics which were introduced in evidence at this trial. This evidence (supplemented by much more detail) we deem ample to sustain the conspiracy convictions of all five appellants.

## THE OVERT ACT ISSUE

The indictment applicable to these convictions alleged:

### OVERT ACTS

In furtherance of said conspiracy and to effect the objects thereof, in the Eastern District of Michigan and elsewhere,

**1142**

the co-conspirators committed the following overt acts, among others:

1. On or about January 30, 1973, John W. "J. C." "Claxton" Classen had a telephone conversation with ROY BURTS, JR.

We have read the transcript of Call # 7 with care. We believe that the jury could have decided from this transcript and the testimony relative to it, plus the other evidence in this case 1) that co-conspirators Classen and Burts were participants in the call; 2) that it was a conversation between a willing seller and an eager buyer (or his agent) (the problem was that the seller did not yet have but expected shortly to get his hands on a supply of narcotics); and 3) that it was an overt act in pursuance of the overall conspiracy.

## THE FIFTH AMENDMENT CLAIM

■ In the course of the trial counsel for one of the defendants objected to testimony of a government agent with regard to appellant Barnes on the ground that it was hearsay as to all other defendants under *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). In response government counsel argued:

> I think counsel is misconstruing Bruton in this instance. We are certainly not introducing a statement of a co-conspirator who is not present for purposes of cross-examination or rebutting what has been said, which was the holding of Bruton. Here we have a statement or an alleged statement by a co-conspirator which he may either deny or admit, and he is here present in court for cross-examination.

Counsel for Barnes then moved for mistrial on the ground that the comment violated his client's right to refuse to testify against himself. The District Judge denied the motion for mistrial and proceeded to give the jury a proper cautionary instruction on the right of each defendant not to testify, which he repeated in his charge to the jury.

We believe that the comment complained of was clearly inadvertent. Appellant Barnes was the only defendant arguably

affected. *Cf. Kinser v. Cooper*, 413 F.2d 730 (6th Cir. 1969). We do not believe that it could have had any harmful impact upon him. *United States v. Biondo*, 483 F.2d 635, 645 (8th Cir. 1973), *cert. denied*, 415 U.S. 947, 94 S.Ct. 1468, 39 L.Ed.2d 563 (1974); *United States v. MacDonald*, 455 F.2d 1259, 1262 (1st Cir. 1972). If there was any prejudicial effect, we believe the careful instruction cured it.

Other issues presented in this appeal in our judgment simply do not merit discussion.

The judgments of the District Court are affirmed.