**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Edward LUCE, Robert Kolofer, and
James Luigs,
Defendants-Appellants.**

**Nos. 82–5326, 82–5338 and 82–5377.**

United States Court of Appeals,
Sixth Circuit.

Argued May 14, 1983.

No. 82–5377 Submitted on Briefs
May 14, 1983.

Decided Aug. 9, 1983.

Rehearing and Rehearing En Banc
Denied Oct. 3, 1983.

James L. Marcus (argued), Williams & Marcus, Chicago, Ill., for defendant-appellant in No. 82–5326.

Frank C. Holloman (argued), Memphis, Tenn., for defendant-appellant in No. 82–5338.

James O. Marty, Memphis, Tenn., for defendant-appellant in No. 82–5377.

W. Hickman Ewing, Jr., U.S. Atty., Timothy R. DiScenza, Asst. U.S. Atty., Memphis, Tenn., for plaintiff-appellee in all cases.

Arthur Kahn, Asst. U.S. Atty. (argued), Memphis, Tenn., for plaintiff-appellee in Nos. 82–5326 and 82–5338.

Before KENNEDY, Circuit Judge, PECK, Senior Circuit Judge, and ALLEN,* District Judge.

CORNELIA G. KENNEDY, Circuit Judge.

Defendants Luce, Kolofer, and Luigs appeal from their jury convictions for possession of a controlled substance with intent to distribute (21 U.S.C. § 841(a)(1)). Luce and Luigs also appeal their convictions for conspiracy to possess a controlled substance with intent to distribute (21 U.S.C. § 846). The defendants raise numerous evidentiary issues. For the reasons set forth below, we conclude that none of the District Court's rulings require reversal and affirm the convictions.

I.

Before trial, defendant Luce moved *in limine* to prohibit the government from using evidence of a 1974 felony conviction for possession of controlled substances to impeach Luce should he take the stand. Luce's counsel did not state that Luce would take the stand if the motion were granted, nor did he indicate the substance of Luce's testimony. The district judge ruled that, if Luce testified as to the merits of his case generally, the evidence of his prior conviction would be admissible to impeach him; but Luce could take the stand to testify solely concerning his flight from police officers without exposure to impeachment by his prior conviction. Luce did not testify at trial. He now urges that the district judge's ruling was prejudicial error and that his conviction must be re-

---

* Honorable Charles M. Allen, Chief Judge, United States District Court for the Western District of Kentucky, sitting by designation.

versed because he was precluded from taking the stand by fear of impeachment.

▆▆ Luce claims that his prior conviction was inadmissible under Federal Rule of Evidence 609(a), which states:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the Court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

Luce's conviction would be admissible only if the District Court properly determined that its probative value outweighed its prejudicial effect. Such a determination is reviewable on an abuse of discretion standard. *United States v. Williams,* 587 F.2d 1 (6th Cir.1978). We need not decide whether the District Court abused its discretion here, however, as we hold that a preliminary ruling on admissibility is not reviewable on appeal when the defendant does not testify at trial and his prior convictions are not offered into evidence against him.

The only precedent in the Sixth Circuit on the question of under what circumstances a denial of motion *in limine* to exclude prior convictions is preserved for appeal is *United States v. LeBlanc,* 612 F.2d 1012 (6th Cir.1980), *cert. denied,* 449 U.S. 849, 101 S.Ct. 137, 66 L.Ed.2d 60 (1980).[1] In that bank robbery case, the District Court denied the defendant's motion *in limine* to exclude a prior robbery conviction. On appeal the government conceded that evidence of the conviction was admissible. This Court nonetheless affirmed the conviction, holding that the question had not been preserved for appeal. *LeBlanc* is persuasive precedent for the result we reach here but is not controlling since it rests

upon multiple grounds, not all of which are present here. The Court's opinion noted five factors which supported its result: (1) defendant's counsel had not clearly argued the proper basis for concluding that the evidence was inadmissible; (2) counsel did not renew his objection to the ruling at the end of the government's case in chief; (3) counsel did not advise the court that the defendant would decline to testify because of the court's ruling; (4) counsel did not offer the substance of the defendant's testimony had he testified; and (5) it appeared that other tactical reasons may have influenced the defendant's decision not to testify.

If the first two factors listed above were essential to the result in *LeBlanc,* Luce has properly preserved his question for appeal, as his counsel specifically argued the conviction's inadmissibility both before trial and at the close of the government's case. If more is required, the evidence's admissibility is not reviewable. Our opinion in *LeBlanc* did not indicate which factors were essential; therefore, we must now decide whether under the circumstances in this case the ruling on the motion *in limine* to exclude prior convictions will be reviewed.

A review of the law of the other circuits on this issue reveals that only two circuits have explicitly considered the question. The Ninth Circuit will review an *in limine* ruling on admissibility of prior convictions only if the defendant establishes on the record that he will take the stand and testify if his prior convictions are excluded and sufficiently outlines his testimony on the record so that the Rule 609 balancing can be performed. *United States v. Cook,* 608 F.2d 1175 (9th Cir.1979) (*en banc*), *cert. denied,* 444 U.S. 1034, 100 S.Ct. 706, 62 L.Ed.2d 670 (1980). *See also United States v. Portillo,* 633 F.2d 1313 (9th Cir.1980), *cert. denied,* 450 U.S. 1043, 101 S.Ct. 1764, 68 L.Ed.2d 241 (1981); *United States v. Hendershot,* 614 F.2d 648 (9th Cir.1980). The *Cook* case

---

1. In *United States v. Williams,* 587 F.2d 1 (6th Cir.1978), we did not reach the reviewability question since we decided that the District Court had not abused its discretion in ruling on the admissibility of prior convictions.

overruled a line of Ninth Circuit cases which held that a preliminary ruling of admissibility could not be reviewed unless the defendant took the stand. *United States v. Fulton,* 549 F.2d 1325 (9th Cir. 1977); *United States v. Murray,* 492 F.2d 178 (9th Cir.1973), *cert. denied,* 419 U.S. 942, 95 S.Ct. 210, 42 L.Ed.2d 166 (1974); *United States v. Walters,* 477 F.2d 386 (9th Cir. 1973), *cert. denied,* 414 U.S. 1007, 94 S.Ct. 368, 38 L.Ed.2d 245 (1973).

The Fifth Circuit will review such a ruling whether or not the defendant has taken the stand or outlined his testimony. *United States v. Toney,* 615 F.2d 277 (5th Cir.1980), *reh'g denied,* 622 F.2d 1043 (5th Cir.1980), *cert. denied,* 449 U.S. 985, 101 S.Ct. 403, 66 L.Ed.2d 248 (1980); *United States v. Langston,* 576 F.2d 1138 (5th Cir.1978), *cert. denied,* 439 U.S. 932, 99 S.Ct. 324, 58 L.Ed.2d 327 (1978). On a closely related question, the First Circuit has held that a ruling *in limine* that a defendant could be impeached with prior inconsistent statements is reviewable despite the defendant's failure to testify. *United States v. Hickey,* 596 F.2d 1082 (1st Cir.1979), *cert. denied,* 444 U.S. 853, 100 S.Ct. 107, 62 L.Ed.2d 70 (1979). Decisions in several other circuits have reached the merits of the trial court's ruling without discussing reviewability. *E.g., United States v. Provenzano,* 620 F.2d 985 (3rd Cir.1980), *cert. denied,* 449 U.S. 899, 101 S.Ct. 267, 66 L.Ed.2d 129 (1980); *United States v. Cavender,* 578 F.2d 528 (4th Cir. 1978); *United States v. Mahone,* 537 F.2d 922 (7th Cir.1976), *cert. denied,* 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976); *United States v. Fearwell,* 595 F.2d 771 (D.C.Cir.1978); *United States v. Smith,* 551 F.2d 348 (D.C.Cir.1976).

With the exception of *United States v. Hickey,* all of the decisions that discuss reviewability found no abuse of discretion by the trial court in refusing to grant the motion *in limine.*[2] Those cases that consider reviewable a denial of a motion *in limine* to exclude impeaching evidence where such evidence is neither offered nor introduced against a defendant might therefore be classified as dicta. In any event, those cases are inconsistent with the reasoning of *LeBlanc.* Persuasive policy reasons dictate that the better rule is to require that the defendant testify and the impeaching conviction be admitted before an appellate court will review for reversible error.

A motion *in limine* is a request for guidance by the court regarding an evidentiary question. The trial court may, within its discretion, provide such guidance by making a preliminary ruling with respect to admissibility. The parties may then consider the court's ruling when formulating their trial strategy. However, we see no reason why the trial court could not change its ruling, for whatever reason, when the evidence is actually offered and objected to at trial.[3] *See United States v. Oakes,* 565 F.2d 170, 171–72 (1st Cir.1977). *See also Rouse v. United States,* 359 F.2d 1014 (D.C.Cir.1966) (pretrial ruling on motion to suppress may be changed at trial). A ruling on a motion *in limine* is therefore essentially an advisory opinion by the trial court.

Predicating reversal on motions *in limine* rulings is likely to result in trial courts abandoning the use of that procedure. It is well established that the court need not rule on a motion *in limine. E.g., New Jersey v. Portash,* 440 U.S. 450, 462 n. 1, 99 S.Ct.

---

**2.** An abuse of discretion was also found in the *Cavender* and *Fearwell* decisions, which did not discuss reviewability. In *Smith,* the District of Columbia Circuit expounded on the merits generally without discussing reviewability and remanded the case to the trial court for a determination of admissibility under Rule 609. The trial court had applied the law in effect prior to the adoption of Rule 609.

**3.** *In limine* rulings have been held unappealable when the trial court explicitly reserved the right to change its ruling. In *United States v.*

*Banks,* 687 F.2d 967 (7th Cir.1982) the District Court, in response to a motion *in limine* to exclude prior convictions, had said: "My posture is that I will admit it, but I want to look into the matter further." The defendant did not testify and the prior convictions were not offered into evidence. The Seventh Circuit held that this did not constitute an appealable ruling on admissibility. *See also United States v. Sternback,* 402 F.2d 353 (7th Cir.1968), 402 F.2d 353 (7th Cir.1968), *cert. denied,* 393 U.S. 1082, 89 S.Ct. 862, 21 L.Ed.2d 774 (1969).

1292, 1298, 59 L.Ed.2d 501 (1979) (Powell, J. concurring); *United States v. Johnston,* 543 F.2d 55, 59 (8th Cir.1976), *Houston v. Lane,* 501 F.Supp. 5 (E.D.Tenn.1978), *aff'd,* 636 F.2d 1217 (6th Cir.1980), *cert. denied,* 450 U.S. 1003, 101 S.Ct. 1714, 68 L.Ed.2d 207 (1981). District Courts are unlikely to continue to give advisory rulings which increase the risk of retrial. The valuable benefit of *in limine* motions—a defendant's ability to prepare trial strategy with knowledge of the court's probable ruling on admissibility—would be lost.

When a defendant's conviction can be reversed on the basis of an erroneous ruling on a motion *in limine,* the trial court's willingness to make a preliminary ruling will provide the defendant with an additional benefit—the chance for a new trial if the appellate court finds that the evidence was not properly admitted. Compare the situation where the trial judge declines to rule on a motion *in limine* with the situation where the motion is denied and the defendant does not testify. Assuming that it would be reversible error to admit the impeaching evidence, a defendant whose motion *in limine* was denied would have two chances for acquittal: the first trial, where he would not have testified; and the second, where he could testify without impeachment. A defendant would not have such an opportunity if the trial judge declined to make a preliminary ruling. Assuming again that the impeachment is improper, a defendant in this situation who testified and was impeached would also have two chances for an acquittal. However, he would not have the opportunity to present his case once without testifying and again with his testimony unimpeached.

In addition to providing defendants with an unwarranted advantage, a trial judge's willingness to make a preliminary ruling, if such rulings were reviewable, would also enable defendants to challenge convictions that would have resulted even if the impeachment had been ruled inadmissible. This results from the reviewing court's inability to determine whether the defendant would have actually testified or whether that testimony would have resulted in an acquittal.

A trial judge who declined to make a preliminary ruling on admissibility would be following a much safer course. If the defendant were to choose not to testify, no ruling need be made. If the defendant were to testify, the judge could rule on the impeachment after hearing the defendant's actual testimony. A new trial would be ordered only if the ruling was an abuse of discretion and was not harmless error.

A concrete factual basis is required for appellate review of the merits of the evidence's admissibility. There is no indication in the record before us of the substance of defendant Luce's testimony had he testified. Luce's prior conviction on narcotics charges would be more probative of his credibility had he testified that he had never used drugs in his life or that he knew nothing about the drug traffic than it would be if he testified only that he was not involved in the particular transactions for which he was charged. That the admissibility of the prior conviction depended on the defendant's testimony was recognized by the District Court when it indicated that the conviction would be inadmissible if Luce testified solely to rebut evidence of his flight from arrest, and not on the merits of his case generally.

When a defendant has not testified we similarly have no basis for deciding whether the District Court's ruling, if in error, was harmless. In *United States v. Fearwell,* 595 F.2d 771 (D.C.Cir.1978), the District of Columbia Circuit decided that the trial court's ruling denying a motion *in limine* to exclude the defendant's prior conviction was in error. Because it could not determine whether the error was harmless, it remanded the case to the District Court to take the defendant's testimony so that the question of harmless error could be resolved. This procedure certainly has little to recommend it in terms of judicial efficiency. Moreover, the testimony given for the purpose of the motion *in limine* may differ significantly from that which would actually have been given at the trial.

There is also no hint in the record from which we can decide whether Luce was

actually precluded from testifying by fear of impeachment or whether his testimony would have significantly aided his defense. As this Court said in *United States v. LeBlanc,* 612 F.2d at 1014, we "cannot assume that it was the judge's ruling in question which prevented the appellant from testifying in his own behalf, ... especially since the record indicates other tactical reasons why a decision not to testify might have been made." [4] (Footnote omitted.)

The policy underlying Federal Rule of Evidence 103(a)(2) offers persuasive support for our position.[5] The Rule states:

Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

(1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record ...; or

(2) Offer of Proof. In case the ruling is one excluding evidence, the substance of the evidence was made known to the Court by offer or was apparent from the context within which questions were asked.

Evidence that is excluded must be included in the record through an offer of proof so that the reviewing court may have a clear basis from which to determine whether an error has been made. When a defendant has not testified, we are similarly without sufficient information to determine conclusively whether evidence of prior convictions could properly have been used to impeach. Without the defendant's testimony, any evaluation on our part of the probative value or prejudicial effect of his prior conviction is more likely to be "problematical and purely speculative." *United States v. Murray,* 492 F.2d 178, 197 (9th Cir.1973), *cert. denied,* 419 U.S. 942, 95 S.Ct. 210, 42 L.Ed.2d 166 (1974).

Our decision not to review rulings *in limine* that impeaching evidence is admissible is not inconsistent with the Supreme Court's decision in *New Jersey v. Portash,* 440 U.S. 450, 99 S.Ct. 1292, 59 L.Ed.2d 501 (1979). In *Portash,* the Supreme Court held that impeachment by prior statements made to a grand jury under a grant of immunity would violate the defendant's Fifth Amendment rights. The New Jersey trial court had ruled *in limine* that the defendant could be so impeached. The Supreme Court found that the merits of the constitutional question were properly before it because the New Jersey appellate court had considered the merits properly preserved for appeal, and federal law did not prohibit New Jersey from following such a procedure. Nothing in the majority opinion indicates whether the question would have been reviewable had the case arisen in federal court. *Portash,* 440 U.S. at 462–63 n. 2, 99 S.Ct. at 1298–1299 n. 2 (Powell, J., concurring).

Justice Powell, in a concurrence joined by Justice Rehnquist, stated:

The preferred method for raising claims such as Portash's would be for the defendant to take the stand and appeal a subsequent conviction, if—following a claim of immunity—the prosecutor were allowed to use immunized testimony for impeachment. Only in this way may the

---

**4.** The Ninth Circuit's solution to this problem is to require the defendant to affirmatively establish on the record that he will in fact testify if his challenged prior convictions are excluded. *United States v. Cook,* 608 F.2d 1175, 1186 (9th Cir.1979) (en banc), *cert. denied,* 444 U.S. 1034, 100 S.Ct. 706, 62 L.Ed.2d 670 (1980). Such a declaration by the defendant would be meaningless, however, as he may not constitutionally be forced to decide whether he will testify at any point before the close of his defense. *Brooks v. Tennessee,* 406 U.S. 605, 92 S.Ct. 1891, 32 L.Ed.2d 358 (1972). The Ninth Circuit also requires that the defendant outline his proposed testimony in order to preserve the issue for review. If the defendant could be held to

his outline, this requirement might ease our concern with a sufficient factual basis for review. If events in the trial could change a defendant's decision to testify, however, they could also change a defendant's mind about what areas to address in his direct testimony. This option would also require the defendant to reveal his testimony to the prosecutor, which could be a distinct tactical disadvantage.

**5.** The rule is not literally applicable to the situation here since the District Court made no actual ruling admitting evidence. As the ruling claimed to be error was also not one excluding evidence, Rule 103(a)(2) does not apply.

claim be presented to a reviewing court in a concrete factual context. Moreover, requiring that the claim be presented only by those who have taken the stand will prevent defendants with no real intention of testifying from creating artificial constitutional challenges to their convictions.

440 U.S. at 462, 99 S.Ct. at 1299 (footnote omitted). Justice Blackmun, in a dissent joined by Chief Justice Burger, argued that the New Jersey court's evidentiary ruling did not present a judiciable "case or controversy." He found that reviewing Portash's claim was "unwise" as well as beyond the jurisdiction of the Court, stating:

At a minimum ... a requirement that such a claim be adjudicated on appeal only when presented by a defendant who has taken the stand prevents a defendant from manufacturing constitutional challenges when he has no intention of taking the stand and testifying in his own behalf. More fundamentally, such disembodied decision-making removes disputes from the factual and often legal context that sharpens issues, highlights problem areas of special concern, and above all, gives a reviewing court some notion of the practical reach of its pronouncements.

440 U.S. at 468, 99 S.Ct. at 1302. Although Justice Blackmun's analysis did not convince a majority of the Supreme Court that review of a state court's preliminary evidentiary ruling is unconstitutional, we find his reasoning persuasive that similar rulings in federal courts should not be reviewed on appeal.

Since defendant Luce did not testify at trial, and his prior conviction was not introduced into evidence, he cannot raise the question of its admissibility on appeal.

## II.

The next issue raised by the defendants concerns the testimony of the government's first witness, Dallas Luigs. Over the defendants' objection, the District Court allowed Dallas to testify that defendant James Luigs had told Dallas that James had to check with Luce concerning time schedules for cocaine drops. This statement was admitted under the co-conspirator exception to the hearsay rule. Defendants Luce and Luigs argue that this evidence was erroneously admitted because the District Court used the wrong standard under this Court's decision in *United States v. Enright,* 579 F.2d 980 (6th Cir.1978), in determining that a conspiracy existed and because the correct standard had not been satisfied.

■ *Enright* held that, under Federal Rule of Evidence 801(d)(2)(E), a co-conspirator's statement is not admissible as an exception to the hearsay rule unless the court determines by a preponderance of the evidence that the defendant and the declarant were co-conspirators. The trial court has considerable discretion in structuring the order of proof of conspiracy, however, and may consider the hearsay itself when making its preliminary finding of conspiracy. *United States v. Vinson,* 606 F.2d 149 (6th Cir.1979), *cert. denied,* 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756, *reh'g denied,* 445 U.S. 972, 100 S.Ct. 1668, 64 L.Ed.2d 251 (1980). Defendants contend that the district court required only that the existence of a conspiracy be shown *prima facie,* rather than by a preponderance of the evidence. During its ruling the District Court did use the words "prima facie case." However, the District Court first articulated the burden in terms of "the preponderance of the evidence," and referred to the *Enright* case several times. The court mixed "prima facie" language with "preponderance" language, saying: "I find by a preponderance of the evidence that a prima facie case of an acknowledged conspiracy has been shown to exist." It is also worth noting that in response to the defendant's motion for a new trial the District Court found specifically that "[t]here was obviously sufficient evidence under the *Enright, supra,* or other appropriate standards to find the defendant involved in the alleged conspiracy."

A fair reading of the record as a whole persuades us that the District Court used the term "prima facie case" either to refer to the preliminary finding by the court that a conspiracy existed, as distinguished from the jury's final determination of conspiracy, or to indicate that the preliminary finding of conspiracy was at that point still subject

to rebuttal by evidence that there was no conspiracy.

Although the District Court's articulation of the burden might have been more clear, the record shows that it considered the evidence and found by a preponderance that defendants Luce and Luigs were co-conspirators. As there was sufficient evidence introduced at trial to support such a finding, it was not error to introduce the co-conspirator's statement into evidence.

### III.

The defendants also claim that the following rulings of the District Court constituted reversible error: allowing evidence of Luce's fingerprint found on a plastic bag to be admitted without being sufficiently connected to the crime; allowing evidence of Luce's flight from police to be admitted; refusing to sever the trials of Kolofer and Luigs; accepting the qualifications of the expert witness who tested the cocaine samples; upholding the sufficiency of the evidence against Kolofer and Luigs; and refusing to suppress evidence seized under a search warrant. We have examined all of these contentions and find them without merit.

Accordingly, the judgments of conviction are affirmed.