**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Frederick GRAEWE (83–3289/3803), Angelo A. Lonardo (83–3339), Harmut Graewe (83–3290/3804), Defendants-Appellants.**

Nos. 83–3289, 83–3290, 83–3339, 83–3803 and 83–3804.

United States Court of Appeals, Sixth Circuit.

Sept. 16, 1985.

Before MERRITT, WELLFORD and MILBURN, Circuit Judges.

### ORDER

The court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active judges of this court, and no judge of this court having requested a vote on the suggestion for rehearing en banc, the petition for rehearing has been referred to the original hearing panel.

The panel has further reviewed the petition for rehearing and a separate order is being entered today with respect to the petition.

### ORDER

Appellants Frederick "Fritz" Graewe, Angelo Lonardo, and Harmut "Hans" Graewe each have petitioned for rehearing. Upon careful reconsideration the panel finds meritless Hans Graewe's assignments of error, and thus this petition for rehearing is denied.

Angelo Lonardo raises objections to the panel's use of the *Pinkerton* doctrine, *see Pinkerton v. U.S.*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), which merits discussion as to his conviction on the CCE or related substantive counts. Since the panel finds Lonardo's other assignment of error meritless, his petition for rehearing is denied.

We conclude that Fritz Graewe raises a meritorious objection to the panel's reliance upon the *Pinkerton* doctrine to sustain his convictions on various substantive counts. Accordingly Fritz Graewe's convictions on counts 17, 18, 19, and 35 are reversed.

Under *Pinkerton* a conspirator may be held liable of a substantive offense committed by co-conspirators "provided the substantive offense was committed in furtherance of the conspiracy and as part of

it." *Nye & Nissen, Inc. v. United States,* 336 U.S. 613, 618, 69 S.Ct. 766, 769, 93 L.Ed. 919 (1949). A jury must determine whether a conspiracy existed, whether the alleged conspirator was a member of that conspiracy, and whether the charged substantive offense was committed in furtherance of and as part of the conspiracy. *Id.; United States v. Murray,* 492 F.2d 178 (9th Cir.1973), *cert. denied* 419 U.S. 942, 95 S.Ct. 210, 42 L.Ed.2d 166 (1974); *Thomas v. United States,* 398 F.2d 531, 542 (5th Cir. 1967).

Lonardo claims that *Pinkerton* liability cannot be used to sustain his conviction on the various substantive counts because the jury was insufficiently instructed on the *Pinkerton* theory. In particular, he argues that although the jury was given a *Pinkerton* instruction, *see supra* note 23, this instruction was limited to the RICO count (count 1), with which he was not charged. We are not persuaded by this claim of error.

■ A continuing criminal enterprise (CCE) charge is a conspiracy charge, and one convicted of a CCE is subject to *Pinkerton* liability. *See United States v. Michel,* 588 F.2d 986, 999 (5th Cir.), *cert. denied* 444 U.S. 825, 100 S.Ct. 47, 62 L.Ed.2d 32 (1979); *United States v. Jones,* 763 F.2d 518, 524–25 (2d Cir.1985); *United States v. Adamo,* 742 F.2d 927, 933 (6th Cir.1984), *cert. denied* —— U.S. ——, 105 S.Ct. 971, 83 L.Ed.2d 975 (1985).

■ Lonardo's claim that the trial court expressly limited its *Pinkerton* instruction to the RICO charge does not convince us upon a further review of the entire charge. The court during its instructions to the jury explained the general (and correct) principle of vicarious criminal liability which arises from "a combination or agreement of two or more persons to join together to attempt to accomplish some unlawful purpose." In finding Lonardo guilty of the CCE and the substantive offenses the jury properly found that a conspiracy existed, that Angelo Lonardo was a member, indeed a supervisor, of that conspiracy, and that the substantive offenses were committed in furtherance of that conspiracy.[1]

■ Fritz Graewe stands on a completely different footing than Angelo Lonardo. The district court, pursuant to Fed.R. Crim.P. 29(a), acquitted Fritz Graewe of the RICO count, and the jury acquitted him of the CCE count. The government argues that more is required to prove a CCE than to prove a mere criminal conspiracy, and that Fritz could have been convicted of a conspiracy although acquitted of the CCE. We agree. The indictment did not, however, so charge Fritz Graewe and the jury was not instructed that he could be convicted of a conspiracy. Therefore, although the evidence may indeed indicate that Fritz was a conspirator, the jury as a matter of law did not so find and *Pinkerton* liability can not attach under these circumstances.

The government concedes that without recourse to the *Pinkerton* doctrine, Fritz's convictions on counts 17, 18, 19 and 35 must fail. Counts 17–19 concerned Travel Act violations by Donn Newman and Gregory Hoven in furtherance of the illicit drug conspiracy. There is no evidence that Fritz knew of, participated in, or otherwise aided and abetted in these Travel Act violations. While the jury could have found that Fritz participated in the drug conspiracy, especially in light of his actual participation in the Travel Act violations of counts 20 and 21, he was not charged with such a conspiracy and was acquitted of the CCE. Accordingly, his convictions on counts 17–19 must be reversed. Similarly, count 35 charged Fritz Graewe with possession of

---

1. We do not address whether Lonardo could alternatively be held liable under 18 U.S.C. § 2 for inducing and proving the substantive offenses, although we note that an aider and abettor is liable "for any criminal act which in the ordinary course of things was the natural or probable consequence of the crime that he advised or commanded, although such consequence may not have been intended by him." *United States v. Barnett,* 667 F.2d 835, 841 (9th Cir.1982); *United States v. Sampol,* 636 F.2d 621, 676 (D.C.Cir.1980). Financiers of drug operations are aiders and abettors. *United States v. Cauble,* 706 F.2d 1322, 1339–40 (5th Cir.1983), *cert. denied* —— U.S. ——, 104 S.Ct. 996, 79 L.Ed.2d 229 (1984).

cocaine that was found in a rental car Kenneth Odom had used to transport drugs from Florida to Cleveland. No evidence directly linked Fritz to that rental car, and thus his conviction on this count also must fail.

■ Fritz's conviction on count 16, contrary to his contentions, however, is supported by sufficient evidence. This Travel Act count involved a scheme to steal from Kenny Odom two kilograms of cocaine that was being transported from Florida to Ohio. Fritz posed as a narcotics officer pretending to arrest Odom. The scheme ·succeeded and Zagaria paid Fritz $7500 for his part in the theft after Fritz delivered the stolen cocaine. Fritz was an aider and abettor in the interstate transportation of the cocaine. *See United States v. Garrett,* 720 F.2d 705, 712–13 (D.C.Cir.1983), *cert. denied* —— U.S. ——, 104 S.Ct. 1311, 79 L.Ed.2d 708 (1984).

■ Although in the original opinion the court referred to the *Pinkerton* doctrine in its discussion of Fritz's conviction on count 58 (illegal use of telephone), the correct theory of Fritz's liability on the count is based upon aider and abettor liability. This count involved telephone calls from Zagaria to his men in Florida, including Fritz, in connection with a scheme to steal a large amount of marijuana from Joseph Giaimo. Fritz, Michael Odom, and others drove to Florida in four different vehicles, and were instructed to go to a motel and contact Giaimo about the marijuana. Zagaria made telephone calls to Florida to instruct them on how to proceed. Pursuant to these telephonic instructions the men, including Fritz, obtained delivery of the marijuana and traveled back to Ohio with it. Even assuming that Zagaria never spoke directly to Fritz, Fritz may be held liable for the violation as an aider and abettor. Accordingly, his conviction on count 58 is sustained. Furthermore, his convictions on the Travel Act counts 20 and 21 are sustained since there is sufficient evidence showing that he was actually involved in the interstate travel charged.

Accordingly, the convictions of Hans Graewe and Angelo Lonardo are affirmed in all respects. Fritz Graewe's convictions on counts 16, 20, 21 and 58 are affirmed and his convictions on counts 17, 18, 19, and 35 are reversed. It is so ordered.