779 F.2d 53
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
MELVIN W. SHOOK (84-3626), JOHN T. SWEENEY a/k/a JACK
SWEENEY (84-3682), Defendants-Appellants.
 84-3626, 84-3682
 United States Court of Appeals, Sixth Circuit.
 10/16/85
 
 AFFIRMED
 N.D.Ohio
 On Appeal from the United States District Court for the Northern District of Ohio
 BEFORE: KEITH and MILBURN, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendants Melvin Wayne Shook and John T. Sweeney appeal their convictions for bombing a nightclub in violation of 18 U.S.C. Sec. 844(i); unlawfully making and possessing incendiary bombs in violation of 26 U.S.C. Secs. 5861(d), (f); travelling in interstate commerce for the purpose of committing arson in violation of 18 U.S.C. Sec. 1952(a)(1) and conspiracy in violation of 18 U.S.C. Sec. 371.
 
 
 2
 On December 6, 1983 the defendants were charged with using incendiary bombs to burn down the Aquarius Six Lounge in the suburbs of Cleveland, Ohio. The defendants entered pleas of not guilty and trial by jury was set for May 14, 1983. After the parties filed numerous pretrial motions, the trial court denied defendants' motions in limine to restrict use of their prior convictions and granted the government's motion to quash Mr. Sweeney's subpoena for an informant file on the government's chief witness. On May 29, 1984, the jury returned guilty verdicts against the defendants on the charges listed above, and the defendants were sentenced to concurrent terms of 10 years imprisonment on the first three counts and five on the interstate and conspiracy charges.
 
 
 3
 On appeal defendant Shook argues that the trial court erred in ruling that the government could use a 28 year old arson conviction against him for impeachment purposes and that, as a result of the court's ruling, counsel erroneously instructed Shook not to take the stand. We do not address the alleged error of the trial court's decision to admit evidence of Shook's prior conviction because the defendant did not take the stand and the conviction was not offered into evidence against him. United States v. Luce, 713 F.2d 1236, 1238 (6th Cir. 1983), affirmed, 105 S.Ct. 460 (1984). Nor do we conclude counsel's advice to Mr. Shook not to take the stand falls outside the range of reasonable professional assistance or that it prejudiced his defense so as to deprive him of a trial whose result is reliable. Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984).
 
 
 4
 Defendant Shook also contends that the trial court's numerous side bar conferences precluded compliance with 28 U.S.C. Sec. 753(b) requiring all proceedings in criminal court to be recorded. We decline to address this claim as defendant Shook failed to object to the proceedings below and has therefore waived any complaint on appeal. United States v. Smith, 591 F.2d 1105, 1108-09 (5th cir. 1979).
 
 
 5
 The defendants next contend the district court erred in granting the government's motion to quash defendant Sweeney's subpoena to the Bureau of Alcohol, Tobacco and Firearms requesting 'the complete confidential informant file . . . on Albert Anthony Naples . . . including but not limited to all investigative reports, memoranda, documents that bear upon your agency's investigation into his activities between the years 1979 and 1983.' Naples, a co-conspirator in the arson scheme, testified at trial as the government's chief witness against the defendants. The defendants contend their Sixth Amendment rights to cross-examination and confrontation were eclipsed by the inaccessibility of the informant file which they contend may have provided impeachment material. In our view, defendants have no privilege to discover the government's investigatory documents or statements by prospective government witnesses. See Fed. R. Crim. P. 16(a)(2); Fed. R. Crim. P. 17; 18 U.S.C. Sec. 3500. After reviewing the informant file in camera and concluding it contained no information helpful to the defense, the district court permitted the defendants to conduct extensive cross-examination of Naples about his grant of immunity to testify against the defendants, and Naples' past criminal activities. Thus, defendants were unimpeded in their efforts to illicit impeachment evidence against Naples. As defendants could not delineate more specific information contained in the file to which they would be entitled, the district court did not err in granting the government's motion to quash the subpoena. See United States v. Navarro, 737 F.2d 625 (7th Cir.) cert. denied sub nom Mugercia v. United States, 105 S.Ct. 438 (1984).
 
 
 6
 Accordingly, the convictions of the defendants are hereby affirmed.