William HUNTER, Plaintiff,

v.

Huey BLAIR, Deputy Sheriff, et al., Defendants.

No. C-1-83-1322.

United States District Court, S.D. Ohio, W.D.

Feb. 11, 1987.

Robert F. Laufman, Cincinnati, Ohio, for plaintiff.

William P. Farrall, Cleveland, Ohio, John H. Metz (local and co-counsel), Cincinnati, Ohio, John G. Peto, Cleveland, Ohio (pro hac vice), for defendants.

## ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon plaintiff's Motion for Order in Limine (doc. no. 64). Plaintiff moves this Court for a preliminary ruling, which is essentially an advisory opinion, prohibiting defendants from disclosing plaintiff's prior convictions on the basis that the prejudicial effect of the evidence would far outweigh any probative value.

■■■ As motions in limine are not provided for in the Federal Rules of Civil Procedure and are merely requests for the Court's guidance, a court may, in the exercise of discretion, decline to make a pretrial ruling. *See United States v. Luce*, 713 F.2d 1236 (6th Cir.1983). In this case, the admissibility of the questioned evidence depends upon the claims presented by the plaintiff. If plaintiff's claim is limited to jail conditions, the relevancy of the questioned evidence is minimal; if, however, he presents his claims for redress from a wanton beating, then the issue of self defense raised by defendants places in issue the propensities of plaintiff which may make relevant his significant past behavior. This Court cannot tie its hands in its search for the truth by making a pretrial advisory ruling on the admissibility of evidence.

This Court agrees with the opinion of the United States Court of Appeals for the Sixth Circuit in *Sperberg v. The Goodyear Tire and Rubber Co.*, 519 F.2d 708 (6th Cir.1975), that orders which exclude broad categories of evidence should rarely be employed. This Court believes that such evidentiary issues and admissibility questions are better resolved as they arise at trial. Only after the evidence is actually offered can this Court balance any prejudicial effect or probative value in determining the admissibility of that evidence.

Accordingly, plaintiff's Motion is hereby DENIED at this time.

IT IS SO ORDERED.